BRIGHT ·*v.* MOORE.

(*Nashville.* January 1, 1889.)

STATUTE OF LIMITATIONS. *Suspension of, as to suits against adminis-trators.*

The statute of limitations of six years does not run against creditors of a decedent, either during the six months immediately after adminis-tration, or during the period, not exceeding six months, actually elapsing between the decedent's death and the granting of adminis-tration on his estate. Both periods must be excluded.

Code cited: §§ 3112, 3454 (M. & V.) ; §§ 2274, 2760 (T. & S.).

FROM LINCOLN.

Appeal in error from Circuit Court of Lincoln County. M. D. SMALLMAN, J.

JOHN M. BRIGHT for Bright.

HOLMAN & CARTER for Moore.

CALDWELL, J. On the fifth of January, 1881, W. C. Bright executed a promissory note to H. L. Moore for $175, due twelve months after date. Bright died November 20, 1887, leaving the note unpaid. Letters of administration upon his estate were granted to Anna B. Bright January 24, 1888, and Moore brought this action against her

on the 26th of July, 1888, to collect said note. The suit was commenced before a Justice of the Peace, who rendered judgment for Moore. The administratrix appealed to the Circuit Court, where the Circuit Judge tried the case without the intervention of a jury, and pronounced judgment, as did the Justice of the Peace, in favor of Moore for the full amount of the note, with interest thereon. The administratrix appealed in error to this Court.

The only defense interposed in the Court below, and the only one relied upon here by the learned counsel of appellant, is the statute of limitations of six years.

Was the action barred?

From the dates already given, it is readily seen that six years, six months, and twenty-one days elapsed between the maturity of the note and the commencement of this action.

It is conceded that the six months immediately following the grant of letters of administration, during which suit would not lie against the administratrix, must be excluded in the computation of the time necessary to complete the bar of the statute in her favor; but, after the exclusion of that six months, there still remains a period of six years and twenty-one days between the date of the maturity of the note and the bringing of this suit.

The insistence is that the statute of limitations was running during the whole of the latter period,

and that the bar is inevitable. This contention is met by a provision of the law which makes a further exclusion of two months and four days— the time between the death of Bright on the 20th of November, 1887, and the qualification of his administratrix on the 24th of January, 1888.

Section 3454 of the Code (by M. & V.) is in the following language, viz.:

" The time between the death of a person and the grant of letters testamentary or of administration on his estate, not exceeding six months, and the six months within which a personal representative is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against the personal representative."

This statute, in the clearest terms, excludes from the time to be computed under the statute of limitations not only the first six months after the grant of letters testamentary or of administration, but also *the time elapsing between the death of the debtor and the grant of such letters;* provided only that the latter period excluded shall not exceed six months.

In other words, the statute of limitations does not run against the creditors of a dead man's estate from the date of his death until the expiration of six months after the qualification of an executor or administrator on his estate, unless the whole period should exceed twelve months. In no event will the cessation of the statute's operation be for a longer time than one year. It will be for less

than one year when the time between the death of the debtor and the qualification of his personal representative is less than six months.

The first six months after the qualification of the personal representative is excluded because no suit can be maintained against him during that time (Code, M. & V., § 3112); and the period between the death and the qualification, not to exceed six months, is excluded because there is no one whom the creditor may sue during that time.

Applying this construction of § 3454 of the Code to the facts of this case, and making proper exclusions, it is easily demonstrated that the six-year statute of limitations had not run its full time, and that the bar was not complete when this suit was brought.

Let the judgment be affirmed with costs.